IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GERALD CONKLIN,

      Plaintiff,

v.                                                                CA   2:23-cv-1987

ALLEGHENY COUNTY,

      Defendant,                           JURY TRIAL DEMANDED

## COMPLAINT

AND NOW comes, Gerald Conklin, Plaintiff, by and through his attorneys, John Newborg, Esquire and Ryan Mick, Esquire and file this Complaint against Allegheny County, averring as follows:

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983 and the Eighth Amendment, and the 14th Amendment to the United States Constitution.

### PARTIES

2. Plaintiff, Gerald Conklin, is an adult individual residing at 208 McClure St., Apartment 2, Dravosburg, PA 15034.

3. Defendant, Allegheny County is local governmental agency with a principal office located at Fort Pitt Commons, 445 Fort Pitt Boulevard, Suite 300, Pittsburgh, PA 15219.

4. The Allegheny County Jail is owned and operated by the Defendant.

5. At all times material hereto, Allegheny County, was acting by and through its authorized agents and/or employees acting within the course and scope of their employment.

## FACTS

6. On December 20, 2019, Plaintiff was placed in the Allegheny County Jail.

7. Plaintiff had the following medical conditions before being placed into the jail.

    (a) Plaintiff had a broken Lyxn devise and was scheduled to have the devise removed and replaced with a new device on December 26, 2019;

    (b) A right ankle that had undergone surgery the previous year, but was still causing pain;

    (c) Arthritis in his left knee, with a dislocated patella.

8. Plaintiff developed additional medical condition after being placed into the jail:

    (a) Hydrocele;

    (b) Subcutaneious cysts.

## BROKEN LINX DEVICE

9. Paragraphs 1 through 8 are incorporated by reference.

10. A LINX device is a devise that is placed around the esophagus to prevent abnormal amounts of acid from the stomach moving back into the esophagus.

11. The Jail denied the Plaintiff permission to have the LYNX devise removed and replaced as scheduled by Plaintiff's doctor.

12. The LINX devise was surgically removed on July 6, 2021, but by that time the condition of Plaintiff's throat was such that the placement of a new LINX devise was not feasible.

13. As a result of the delay in having the LINX devise removed and replaced in a timely manner, the Plaintiff's reflux disease has worsened.

14. As a result of the delay in having the LINX devise removed and replaced in a timely manner, the Plaintiff's must maintain a special diet.

15. Plaintiff's reflux disease has worsened over time and presently is causing the Plaintiff pain and discomfort which could have been avoided if the Plaintiff had been permitted to undergo the surgery that had been planned before the Plaintiff entered the Jail in December of 2019.

### HYDROCELE

16. Shortly after entering the Jail in December of 2019, the Plaintiff developed a Hydrocele- an extreme swelling of the testicles.

17. The Jail not provide the Plaintiff any treatment for the Hydrocele.

18. Further, the Jail guards taunted the Plaintiff about his condition.

19. On November 18, 2021 the Plaintiff was finally allowed to have treatment when the Plaintiff underwent a procedure called a hydrolectomy.

20. Post operatively, after the Plaintiff returned to the Jail, the Plaintiff had extensive bleeding at the surgical site.

21. The Jail failed to take any steps to control the post operative bleeding or to provide any post-operative care.

### RIGHT ANKLE

22. On February 27, 2018 the Plaintiff had undergone major right ankle surgery.

23. After the surgery the Plaintiff had to wear a boot and a brace on his right ankle.

24. When the Plaintiff entered the Jail in December of 2019, for no reason, the Jail took away the Plaintiff's boot and brace.

25. As a result of the removal of the boot and brace the condition of Plaintiff's right ankle worsened over time, and Plaintiff will now require another surgery.

26. Further, as a result of the worsening of the condition of the Plaintiff's right ankle, the use of a boot and brace is too painful for the Plaintiff to use a boot and brace on the right ankle.

## LEFT KNEE

27. When the Plaintiff entered the Jail, the Plaintiff had severe arthritis in his left knee, with a dislocated patella.

28. Plaintiff was using a knee brace, which was confiscated from the Plaintiff when he entered the Jail.

29. For no reason, the Jail did not return the Plaintiff's knee brace while the Plaintiff was incarcerated.

30. Plaintiff was provided another brace that did not fit and for most of the time the Plaintiff was incarcerated the Plaintiff did have a knee brace.

31. As a result of the failure of the Jail to provide the Plaintiff with his knee brace, the condition of the Plaintiff's left knew has worsened and is presently causing the Plaintiff severe pain.

## SUBCUTANEOUS CYSTS

32. While in Jail Plaintiff developed numerous painful subcutaneous cysts.

33. The Jail provided no treatment for the cysts.

34. Upon release from the Jail on May 10, 2023, Plaintiff went immediately to the West Penn Hospital Emergency Room for treatment of the subcutaneous cysts, which could have been treated earlier in the jail.

## SEXUAL HARRASMENT AND ASSAULT

35. While incarcerated, certain inmates, commencing in 2021, on an almost constant basis, sexually harassed the Plaintiff in the following manner:

   (a)   touching, hugging, kissing

   (b)   threatening to commit sexual assaults;

   (c)   Making comments such as, "If I get you alone, your mine. Your going to be my bitch. I am going to rape you."

36. The inmates were "pod workers" on POD 2F, and their names were Scott Anthony and "Mike" (last name not known).

37. Plaintiff made complaints to jail personnel regarding the actions of these two inmates;

38. Jail personnel encouraged the behavior by laughing at the actions and words of the the offending inmates, and letting the inmates into the cell of the Plaintiff.

39. In May of 2022 Plaintiff was in the "Tablet Room."

40. The offending inmates entered the Tablet Room and closed the door behind them, it is believed with the knowledge of Jail personnel, who knew of the improper conduct that the offending inmates had been directed at the Plaintiff.

41. One of the inmates held the Plaintiff down in a chair, while the other inmate approached the Plaintiff from the front saying "we are hear to fuck."

42. Plaintiff was able to extricate himself from the chair and fought off the two inmates.

43. The Jail condoned and encouraged the offending inmates to harass the Plaintiff as stated above, and allowed the offending inmates to attempt to rape the Plaintiff.

44. Although the Jail knew what had happened, the Plaintiff was punished for resisting the attempted rape, by being placed in solitary confinement.

## CAUSE OF ACTION AND DAMAGES

45. Paragraphs 1 through 31 are hereby incorporated by reference.

46. The Jail acted with deliberate indifference to the Plaintiff's medical needs by denying or delaying access to medical care.

47. The Jail acted with deliberate indifference to the Plaintiff's need for assistive medical devices.

48. The Defendant acted with deliberate indifference to the sexual harassment and assault of the Plaintiff.

49. Jail officials acting with deliberate indifference to the Plaintiff's serious medical needs violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

50. Jail officials acting with deliberate indifference to the Plaintiff's sexual abuse by other inmates violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

51. The Plaintiff made complaints regarding all of these issues which complaints were brought to the attention of Jail management.

52. Jail management followed a policy of intentionally ignoring all of the Plaintiff's pleas for help.

53. The violation of the Plaintiff's Eighth Amendment rights gives rise to a cause of action for compensatory damages pursuant to 42 U.S.C. § 1983.

54. The violation of the Plaintiff's Eighth Amendment rights, as described above, has caused the Plaintiff pain, suffering, embarrassment and emotional trauma.

WHEREFORE, the Plaintiff seeks compensatory damages from the Defendant.

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | s/ John Newborg | By: | s/ Ryan Mick |
| | JOHN NEWBORG, Esq. | | RYAN MICK, Esq. |
| | Pa. I.D. No. 22276. | | Pa. I.D. 314595 |
| | 225 Ross Street, 4th Floor | | 310 Grant Street, Suite 2317 |
| | Pittsburgh, PA 15219 | | Pittsburgh, PA 15219 |
| | (412) 874-9442 | | (724) 953-9655 |
| | newborglaw@gmail.com | | ryanandmike@mickwallisch.com |