IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD CONKLIN,** | ) | |
| | ) | CIVIL ACTION NO.  **23-1987** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALLEGHENY COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

**I.   Introduction**

This case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On February 14, 2025, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 33), which recommended that the motion to dismiss filed by defendant Allegheny County (the "County" or "defendant") (ECF No. 23) the second amended complaint ("SAC") (ECF No. 19) filed on behalf of plaintiff Gerald Conklin ("Conklin" or "plaintiff") be granted.  Conklin filed timely objections to the R&R (ECF No. 36), with brief in support (ECF No. 37).  The objections will be resolved without a response from Defendant.

**II.   Standard of Review**

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. §

636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc., No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see McClain v. Pennsylvania Dep't of Corr., No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

### III.  Rule 12(b)(6) Standard of Review

The Federal Rules of Civil Procedure govern motions to dismiss. Specifically, Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) works in conjunction with Rule 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

For a complaint to withstand a motion to dismiss, it must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To be considered facially plausible, the facts of the claim must allow a court reasonably to infer that the defendant is liable for the alleged wrongdoing. *Id.* In addition to accepting the factual allegations as true, the court must also view those facts "in the light most favorable to the non-moving

party." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

Following *Twombly* and *Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss[]" because "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Likewise, "the court need not accept as true 'unsupported conclusions and unwarranted inferences,' or the plaintiff's 'bald assertions' or 'legal conclusions.'" *Cook v. W. Homestead Police Dep't*, No. 2:16-CV-01292, 2017 WL 1550190, at *2 (W.D. Pa. May 1, 2017) (quoting *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) and *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit laid out the following three-part process for a court to determine whether a complaint can survive a motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)).

**IV.  Discussion**

In the SAC, Conklin asserted claims based on both: (1) inadequate medical care; and (2) an alleged sexual assault by other inmates. The R&R recommended that the SAC be dismissed in its entirety. In the objections, Conklin challenges only the analysis with respect to medical

care. The court will review the objections about medical care *de novo*, and will undertake a "clear error" review with respect to the assault allegations.

Conklin's complaint spans three and a half years, from December 20, 2019, through May 10, 2023. During that period, Conklin was a pretrial detainee at the Allegheny County Jail ("ACJ"). Although the SAC purports to assert claims under the Eighth Amendment, Conklin recognizes that as a pretrial detainee, his claims for inadequate medical care arise under the Due Process clause of the Fourteenth Amendment, which uses the same standards applicable to Eighth Amendment claims (ECF No. 37 at 3-4).

The County is the only named defendant. Conklin correctly recognizes that a municipal entity may not be sued for the actions of its employees under *respondeat superior*, but can be sued when the policy or custom of the municipality itself was the driving force behind the violation (ECF No. 37 at 4). *See Hightower v. City of Phila.*, No. 24-1116, 2024 WL 5453086, at *2 (3d Cir. Mar. 7, 2025) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) (plaintiff "must show that the city's choices were the 'moving force' behind the constitutional violation.").

Conklin argues that the County had an existing practice of "intentionally neglecting the medical and safety needs of the Plaintiff." SAC ¶ 7. In support of this theory, Conklin alleges that he had several medical conditions before being placed at ACJ: (1) a broken Lynx device[1]; (2) right ankle pain from a 2018 surgery; and (3) arthritis and a dislocated patella in his left knee. SAC ¶ 9. He developed additional medical conditions while at ACJ: (1) hydrocele (swelling of the testicles); and (2) subcutaneous cysts. SAC ¶ 10. The R&R thoroughly and accurately

---

[1] A Lynx device is placed around the esophagus to prevent abnormal amounts of acid from moving back into the esophagus. SAC ¶ 12.

recites the allegations in the SAC (ECF No. 33 at 2-4). The magistrate judge correctly pointed out that the SAC contains no facts about how/when/to whom/how frequently Conklin made requests for medical care.

Conklin argues that the County's "existing practice was to withhold medical and safety assistance" to him (ECF No. 37 at 5). The allegations in the SAC, however, reflect that Conklin did, in fact, receive medical care while at the ACJ (albeit not exactly as he requested). *See* SAC ¶ 14 (Lynx device was removed in July 2021); ¶ 23 (underwent hydrolectomy procedure to treat hydrocele); ¶ 41 (jail provided a knee brace). In other words, Conklin was dissatisfied with the quality and timing of the medical care he received; there was not a complete denial of care.

In *Hightower*, the Third Circuit Court of Appeals stated: "the lack of a policy is not a policy. A policy requires 'an official proclamation, policy or edict by a decisionmaker possessing final authority.'" 2024 WL 5453086, at *2. Conklin has not identified any "policy." The court further explained in *Hightower* that "[c]hallenges to 'failures and inadequacies by municipalities' must take the deliberate-indifference path, not the custom-or-policy path." *Id.* To show deliberate indifference, a plaintiff must prove "that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at *3 (citation omitted).

The allegations in the SAC about denial of medical care, involving eight requests over three and a half years, do not support a plausible claim about the existence of an unconstitutional policy or practice or deliberate indifference by Allegheny County. There are only conclusory allegations about the County's knowledge or acquiescence in the purported inadequate medical care. There is nothing in the SAC plausibly to show that the County was the driving force behind the alleged violation.

Conklin alleges that the sexual assault was witnessed by two unknown jail personnel. The magistrate judge concluded that Conklin failed to support a plausible claim against the County arising from the sexual assault. Conklin did not object to this aspect of the R&R. The court notes that there were no averments in the SAC that any decisionmaker of the County knew about the assault, acquiesced in that conduct or adopted a policy or practice to condone it. There is nothing in the SAC plausibly to support that the County was the driving force behind the alleged violation. Conklin did not show that the magistrate judge's recommendation that this claim against the County be dismissed is clearly erroneous.

Following an independent review of the record, the court concurs with the conclusions reached in the R&R and will accept the recommendation of the magistrate judge to grant the motion to dismiss the SAC in its entirety. The court finds that the magistrate judge conducted a thorough and persuasive analysis.

The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15. The County filed a motion to dismiss Conklin's second complaint, which identified many of the shortcomings identified in the R&R and by this court. Conklin failed to overcome those shortcomings in the SAC, which was his third effort to plead a cognizable complaint. Because Conklin has had three bites at the apple, the court can only conclude that further attempts to amend would be futile. *Great Western Mining v. Fox Rothschild*, 615 F.3d 159, 174-75 (3d Cir. 2010). The court agrees with the magistrate judge that the dismissal will be with prejudice.

**V. Conclusion**

For the reasons set forth above, the motion to dismiss (ECF No. 23) filed by the County

will be granted.  The SAC (ECF No. 23) will be dismissed with prejudice.  The court will adopt the R&R (ECF No. 33) as the opinion of the court, as supplemented by this opinion.

An appropriate order follows.

Dated: March 20, 2025

                                    BY THE COURT

                                    */s/ Joy Flowers Conti*
                                    JOY FLOWERS CONTI
                                    SENIOR UNITED STATES DISTRICT JUDGE